**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHUAI GUO,<br><br>           Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>           Respondent. | No.   13-72994<br><br>Agency No. A087-840-266<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2016[**]
Pasadena, California

Before:    TASHIMA, SILVERMAN, and WATFORD, Circuit Judges.

Shuai Guo, a native and citizen of the People's Republic of China, petitions

for review of an order of the Board of Immigration Appeals (the "Board")

dismissing his appeal from an immigration judge's ("IJ") denial of his applications

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We dismiss in part and deny in part.

Guo was admitted to the United States on a non-immigrant student visa. The U. S. Department of Homeland Security commenced removal proceedings against him, on the ground that he had violated the conditions of his non-immigrant status by failing to ever enroll in university. Guo admitted to violating that condition, but applied for asylum, withholding of removal, and relief under the CAT. Guo claims that he was persecuted for attending an unregistered house church rather than a government-sanctioned church.

The IJ requested Guo to submit evidence to corroborate his testimony and claims of feared future persecution. Guo thereafter submitted supplemental evidence. Finding that Guo gave "vague, evasive, and inconsistent testimony on key points," the IJ concluded Guo was not credible and denied relief on that basis. The IJ also found that the corroborative evidence was insufficient to overcome Guo's lack of credibility. The IJ further found, alternatively, that, even taking his testimony as true, Guo was ineligible for the relief requested because he had not demonstrated past persecution or a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(a)–(b).

Guo appealed to the Board, challenging only the IJ's adverse credibility determination. The Board declined to address Guo's credibility, and instead affirmed on the ground that Guo was ineligible for the requested relief, because he had neither demonstrated past persecution, nor "a well-founded fear of future persecution because his testimony . . . was not adequately corroborated."

1.      Guo argues that the Board erred in affirming the IJ's finding that Guo failed to establish a well-founded fear of future persecution because the IJ ignored evidence that China engages in a pattern and practice of persecuting Christians who worship at house churches. Guo, however, did not raise this argument on appeal to the Board; instead, he challenged only the adverse credibility determination. A petitioner's "failure to raise an issue in an appeal to the [Board] constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Arsdi v. Holder*, 659 F.3d 925, 928–29 (9th Cir. 2011) (internal quotation marks omitted). Having failed to raise his objection with the Board in the first instance, Guo has not exhausted the issue. We therefore lack jurisdiction to hear it.

2.      Guo next argues that, before denying his applications for relief, the IJ was required to give him notice and an opportunity to defend his corroborating evidence. Although Guo did not raise this argument before the Board, we

3

nonetheless have jurisdiction to consider it because the Board considered that ground in affirming the IJ. *See Abebe v. Gonzales*, 432 F.3d 1037, 1041 (9th Cir. 2005) (en banc) ("When the [Board] has ignored a procedural defect and elected to consider an issue on its substantive merits, we cannot then decline to consider the issue based upon this procedural defect.").

"A petitioner carries the burden of persuading the fact finder that the evidence [he] offered is credible." *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (citation omitted). The IJ may require an applicant to provide corroborating evidence to meet this burden. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Ren v. Holder*, 648 F.3d 1079, 1090 (9th Cir. 2011). As well, the IJ "must provide an applicant with notice and an opportunity to either produce the evidence or explain why it is unavailable." *Id.*

Guo cites no statutory or case authority, however, in support of his contention that, after an applicant has been given the opportunity to provide corroborating evidence, the IJ must afford the applicant another opportunity to respond before rejecting that evidence. In light of such a total lack of authority, we are not persuaded that such an additional step – a third round of hearings – should be required. Neither the IJ nor the Board erred in this regard.

* ● *

For the foregoing reasons, the petition for review is **DISMISSED** in part, and **DENIED** in part.